## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN BARISH | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 02-CV-4244 |
| | : | |
| SECURITY MUTUAL LIFE INSURANCE | : | |
| COMPANY OF NEW YORK | : | |
| | : | |
| Defendant | : | |

## O R D E R

**AND NOW**, this            day of                 , 2002, upon consideration of

the Motion to Dismiss Plaintiff's Complaint of Defendant, Security Mutual Life Insurance Company of

New York, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the response, if any,

thereto, it is hereby **ORDERED** and **DECREED** that Security Mutual's Motion is **GRANTED** and

that Barish's Complaint is hereby **DISMISSED** as subject to ERISA federal preemption.


BY THE COURT:


_____

                                                                                    **J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **SUSAN BARISH** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 02-CV-4244** |
| | : | |
| **SECURITY MUTUAL LIFE INSURANCE** | : | |
| **COMPANY OF NEW YORK** | : | |
| | : | |
| **Defendant** | : | |


**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANT,
SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK**

Defendant, Security Mutual Life Insurance Company of New York, by and through its

attorneys, White and Williams LLP, respectfully submits the following Motion to Dismiss pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United

States District Court for the Eastern District of Pennsylvania and, in support thereof, avers as follows:

1.	Plaintiff, Susan Barish, commenced this action on June 6, 2002 by filing a Complaint in

the Court of Common Pleas of Philadelphia County, Pennsylvania.   A copy of this Complaint is

submitted herewith as Exhibit "1."

2.	On or about June 28, 2002, Security Mutual filed a Notice of Removal to this Court on

the basis of ERISA federal question and diversity jurisdiction.

3.      Underlying this matter is Barish's assertion in her Complaint that Security Mutual issued a group policy of insurance, which included life insurance, to JAL Associates, Inc., numbered SP33,845, under which she claims entitlement to life insurance benefits as the named beneficiary of her deceased husband, a former employee of JAL.  Plaintiff's Complaint, ¶¶10, 15.

4.      Barish claims in her Complaint that she has made proper demand for life insurance benefits under this contract purportedly covering her husband, but that she has not received the benefits claimed.  Plaintiff's Complaint, ¶¶17-18.

5.      An alleged copy of the Security Mutual policy numbered SP33,845 is attached as Exhibit "A" to Plaintiff's Complaint.  See Exhibit "1" hereto.

6.      Barish avers that this group insurance policy was "provided...to all employees of JAL Associates, Inc."  Plaintiff's Complaint, ¶10.

7.      This policy is part of an employee welfare benefit plan established and/or maintained by an employer.  See Exhibit "A" to Plaintiff's Complaint, e.g. the Eligibility provisions and Schedule of Benefits, attached hereto as part of Exhibit "1."

8.      The policy was issued to employer, JAL Associates, Inc. identified on p.1 of the policy as the "Policyholder."  Eligible persons, as defined in the policy and as long as they met the "Active Work" provisions, included two classes:  "A.  Any such eligible Employee who is an Officer [or]  B. Any other such eligible Employee."  Id. , Definitions.

9.      Further, attached as Exhibits "B" and "C" to Plaintiff's Complaint are copies of a purported Group Premium Statement addressed to the employer, JAL Associates, Inc., and an alleged group Enrollee and Dependents List.  See Exhibits "B" and "C" to Plaintiff's Complaint, attached

hereto as part of Exhibit "1."

10.    The Security Mutual policy is thus an employee welfare benefit plan subject to

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

**MOTION TO DISMISS PLAINTIFF'S
COMPLAINT ON THE BASIS OF
ERISA FEDERAL PREEMPTION**

11.    Security Mutual incorporates herein by reference, as though set forth in full, the

averments of paragraphs 1 through 10, above.

12.    Barish's Complaint consists of only one count asserting breach of contract.  Plaintiff's

Complaint, ¶19.

13.    Said Complaint does not validly set forth a cause of action against Security Mutual

because under ERISA the Complaint raises a federal question and is subject to federal preemption.

14.    Since the group insurance policy under which Barish seeks benefits is part of an ERISA

plan, federal ERISA law applies and preempts the state law claims and demands set forth in Plaintiff's

Complaint.

15.    Hence, Barish has failed to state a claim against Security Mutual in her Complaint,

which should be dismissed in its entirety.

WHEREFORE, Defendant, Security Mutual Life Insurance Company of New York, for all the

foregoing reasons and those set forth in the attached Brief in Support, and because Plaintiff's claims are

subject to ERISA federal preemption respectfully requests that the Court

enter an Order granting its Motion and dismissing Plaintiff's Complaint.

**WHITE AND WILLIAMS LLP**

By: _____

Elizabeth A. Venditta, Esquire
Attorney I.D. No. 36000
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-6392

Attorneys for Defendant,
Security Mutual Life Insurance
Company of New York

Dated: July 2, 2002