IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN BARISH** | : | CIVIL ACTION |
| | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | NO. 02-CV-4244 |
| | : | |
| **SECURITY MUTUAL LIFE INSURANCE** | : | |
| **COMPANY OF NEW YORK** | : | |
| | : | |
| **Defendant** | : | |

### BRIEF IN SUPPORT OF THE MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT OF DEFENDANT,
### SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant, Security Mutual Life Insurance Company of New York, by and through its attorneys, White and Williams LLP, hereby submits this Brief in support of its Motion to Dismiss.[1]  This Court should Dismiss Plaintiff's Complaint because the pleadings and claim of Plaintiff, Susan Barish, establish that there is no genuine issue as to any material fact and that Security Mutual is entitled to judgment as a matter of law. Specifically, because Barish's claims are governed by the Employee Retirement Income Security Act

---

[1] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if the Court deems matters outside the pleadings are being presented, the Motion can be treated as one for Summary Judgment.  However, "[T]he Third Circuit has held that consideration of 'an undisputedly authentic document that a defendant attaches as an Exhibit to a Motion to Dismiss' does not require that the Motion to Dismiss be converted into a Motion for Summary Judgment 'if the plaintiff's claims are based on the document.'" Vosgerichian v. Commodore International, 862 F. Supp. 1371, 1375 (E.D. Pa. 1994), citing Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F. 2d 1192, 1196 (3rd Cir. 1993).

("ERISA"), 29 U.S.C. §1001 et seq., the state law claims and demands in her Complaint are preempted and her exclusive remedy, if any, lies under the civil enforcement scheme of ERISA, and thus this Court should dismiss Plaintiff's Complaint.

## I.  PROCEDURAL HISTORY

Plaintiff, Susan Barish, commenced this action on June 6, 2002 by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania.  A copy of this Complaint is attached hereto as Exhibit "1."  On or about June 28, 2002, Security Mutual filed a Notice of Removal to this Court on the basis of ERISA federal question and diversity jurisdiction.

This is the Motion to Dismiss Barish's Complaint of Security Mutual.  Because Plaintiff's claims are governed by ERISA, her state law claims and demands are preempted and the Complaint in its entirety should be dismissed.

## II.  STATEMENT OF FACTS

Underlying this matter is Barish's assertion in her Complaint that Security Mutual issued a group policy of insurance, which included life insurance, to JAL Associates, Inc., numbered SP33,845, under which she claims entitlement to life insurance benefits as the named beneficiary of her deceased husband, a former employee of JAL.  Plaintiff's Complaint, ¶¶10, 15.  Barish claims in her Complaint that she has made proper demand for life insurance benefits under this contract purportedly covering her husband, but that she has not received the benefits claimed.  Plaintiff's Complaint, ¶¶17-18.

An alleged copy of the Security Mutual policy numbered SP 33,845 is attached as Exhibit "A" to Plaintiff's Complaint.  See Exhibit "1" hereto.  This policy is part of an employee welfare benefit plan established and/or maintained by an employer.  See Exhibit "A" to Plaintiff's Complaint, e.g. the Eligibility provisions and Schedule of Benefits, attached hereto as part of Exhibit "1."  The policy was issued to employer, JAL Associates, Inc. identified on p.1 of the policy as the "Policyholder."  Eligible persons, as defined in the policy and as long as they met the "Active Work" provisions, included two classes:  "A. Any such eligible Employee who is an Officer [or]  B. Any other such eligible Employee."  Id. , Definitions. Further, attached as Exhibits "B" and "C" to Plaintiff's Complaint are copies of a purported Group Premium Statement addressed to the employer, JAL Associates, Inc., and an alleged group Enrollee and Dependents List.  See Exhibits "B" and "C" to Plaintiff's Complaint, attached hereto as part of Exhibit "1."  Barish avers that this group insurance policy was "provided... to all employees of JAL Associates, Inc."  Plaintiff's Complaint, ¶10. The Security Mutual policy is thus an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

Barish's Complaint consists of only one count asserting breach of contract.  Plaintiff's Complaint, ¶19.  Said Complaint does not validly set forth a cause of action against Security Mutual because under ERISA the Complaint raises a federal question and is subject to federal preemption.

Since the group insurance policy under which Barish seeks benefits is part of an ERISA plan, federal ERISA law applies and preempts the state law claims and demands set forth in Plaintiff's Complaint.  Hence, Barish has failed to state a claim against Security Mutual in her Complaint, which

Doc#: 1314671 v1

-3-

should be dismissed in its entirety.

### III. STATEMENT OF QUESTIONS INVOLVED

    A.    Whether the group disability insurance policy at issue is part of an ERISA plan.

           Proposed answer in the affirmative.

    B.    Whether ERISA preempts Plaintiff's state law claims for breach of contract.

           Proposed answer in the affirmative.

### IV. ARGUMENT

**A.    The Policy Under Which The Plaintiff Seeks Benefits Is Part Of An ERISA Plan**

This Court should grant Security Mutual's Motion to Dismiss because the policy under which Barish seeks damages is part of an ERISA plan. For that reason, ERISA preempts Barish's state law cause of action. The policy at issue as attached to Plaintiff's Complaint was established and/or maintained as part of an employee welfare benefit plan. Thus, under prevailing law, Barish's claims are governed exclusively by ERISA.

ERISA governs employee welfare benefit plans. ERISA sets forth five elements for a plan, fund, or program to constitute an "employee welfare benefit plan":

    (1)    A plan, fund, or program,

(2) Established or maintained,

(3) By an employer,

(4) For the purpose of providing benefits,

(5) To participants or their beneficiaries.

29 U.S.C. § 1002(1) (paraphrased in pertinent part). <u>See also</u> <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1371 (11th Cir. 1982). The policy at issue satisfies all five elements of the statutory definition of an "employee welfare benefit plan" as set forth above.

The <u>Donovan</u> case established the standard for determining whether an employee benefit program constitutes an ERISA plan under criterion (1) above:

> [A] 'plan, fund, or program' under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits.

688 F.2d at 1373. In this case, the facts unequivocally show that the group insurance plan which included life insurance, upon which Barish's cause of action is based meets the <u>Donovan</u> standard: A reasonable person could readily ascertain the "intended benefits" (group insurance benefits, including life insurance, as set forth in the policy); the "class of beneficiaries" (the eligible employees as defined in the policy and as long as they met the "Active Work" provisions, identified in the policy as "A. Any such eligible Employee who is an Officer [or] B. Any other such eligible Employee," Exhibit "1"); the "source of financing" (the discounted group premium payments as arranged by the employer under the group plan); and a "procedure for receiving benefits" (the procedure for submitting a claim as set forth in the

policy). Thus, the group insurance policy at issue is part of a "plan, fund or program" under ERISA.

The group plan at issue was established and/or maintained as an employee benefit. Accordingly, Donovan criterion (2), referenced above, has been met in this case.

The plan also satisfies criteria 3, 4, and 5 of the statutory definition of an "employee welfare benefit plan" under ERISA. There is no dispute that the benefits offered to the designated employees are the type of benefits (including life insurance) described in ERISA. Finally, Plaintiff's decedent would be eligible for this coverage so long, inter alia, as he met the "Active Work" provisions, at the group discounted rate by virtue of his employment. Thus, the group insurance policy under which Barish seeks benefits in this action is part of an employee welfare benefit plan governed by ERISA.

**B.      ERISA Preempts Plaintiff's State Law Claims Mandating
         Dismissal of Plaintiff's Complaint**

This Court should dismiss Barish's Complaint because ERISA preempts all state laws that "relate to" employee welfare benefit plans. Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987). ERISA provides that the rights, regulations and remedies afforded by that statute "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan". 29 U.S.C. § 1144(a). ERISA defines the term "state law" broadly to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any state." 29 U.S.C. § 1144 (c) (1).

The United States Supreme Court has repeatedly made it clear that the preemption provisions of ERISA are extremely broad. Pilot Life, 481 U.S. at 45-46 ("The express preemption provisions of

ERISA are deliberately expansive."); Shaw v. Delta Airlines, Inc., 463 U. S. 85, 96 (1983) ("The breadth of [29 U.S.C. § 1144 (a)'s] pre-emptive reach is apparent...."). The United States Supreme Court has employed a similarly broad definition in determining whether a law "relates to" an employee welfare benefit plan. A state law "'relates to' a benefit plan...if it has a connection with or reference to such a plan'". Shaw, 463 U.S. at 96-97. Furthermore, because Congress used the phrase "relate to" in its broad sense, the United States Supreme Court has "emphasized that the pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans'". Pilot Life, 481 U.S. at 47-48. Accord Shaw, 463 U.S. at 98 (preemption clause should not "be interpreted to preempt only state laws dealing with the subject matters covered by ERISA - reporting, disclosure, fiduciary responsibility, and the like").

Barish's state law claims and demands for breach of contract in the Complaint arise out of her denied claim for life insurance proceeds as the purported named beneficiary of her husband under the policy issued by Security Mutual to her husband's employer, JAL. The United States Supreme Court has held that state law claims that assert improper processing of claims for benefits are preempted by ERISA. Pilot Life. Not unlike the state law claims held preempted in Pilot Life, the very bases of Barish's state law claims in this action are that Security Mutual has refused to pay her claim for life insurance proceeds under the group insurance policy. As such, Barish's state law claims "relate to" an ERISA employee welfare benefit plan and, therefore, Barish's state law claims are preempted by ERISA.

Regardless of how the state law causes of action are characterized, the federal appellate Courts

have repeatedly given the preemptive provision of ERISA a sweeping scope. See Pilot Life, supra, (state common law breach of contract, fraud, and bad faith claims preempted by ERISA); Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987) (common law breach of contract and tort claims for mental anguish preempted by ERISA); Smith v. Dunham-Bush, 959 F.2d 6 (2nd Cir. 1992) (contract, tort, and oral promises preempted); Reichelt v. Emhart Corp., 921 F.2d 425 (2nd Cir. 1990) (breach of contract claim preempted); Pane v. RCA Corp., 868 F.2d 631 (3rd Cir. 1989); (breach of contract, breach of covenants of good faith and fair dealing and claim of intentional infliction of emotional distress preempted); Ragan v. Tri-County Excavating, Inc., 62 F.3d 501, 512 (3rd Cir. 1995) ("[E]ven a common law cause of action is preempted by ERISA if it conflicts directly with an ERISA cause of action."). Accordingly, Barish's state law causes of action are preempted by ERISA.

Within the United States Court of Appeals for the Third Circuit, the District Courts have repeatedly upheld the ERISA preemption as applied to common law, breach of contract, bad faith, fraud, consumer protection and related claims.

In Ruth v. Unum Life Insurance Company of America, 1994 U.S. Dist. LEXIS 12501 (E.D. Pa. September 2, 1994) (James T. Giles, J.), all of Plaintiff's claims were dismissed on the basis of ERISA preemption. There, Cindy Ruth became totally disabled in October 1987 when she was diagnosed with Chronic Fatigue Syndrome and a number of related symptoms. *See id.* at *2. Pursuant to the terms of her disability policy, Unum paid disability benefits of approximately $810.00 per month to Ruth from January 1988 through November 1992. *Id.* In November, 1992, however,

Unum terminated Ruth's benefits.  *See id.* at *3.  Thereafter, Ruth commenced an action for breach of contract and bad faith.  This Court determined that Ruth's disability policy was part of a "plan" subject to ERISA.  *See id.* at *4.  Further, the Court determined that all of Ruth's claims were preempted by ERISA.  *See id.* at *18.  The Court dismissed the Complaint for failure to state a claim upon which relief could be granted.  *Id.*

In Garner v. Capital Blue Cross, 859 F. Supp. 145 (M.D. Pa. 1994) Judge Caldwell dismissed each of Plaintiff's counts/claims on the basis of ERISA preemption.  The Garner case arose out of the denial of health benefits pursuant to an employee-benefit plan.  Plaintiff brought counts/claims sounding in breach of contract, bad faith, fraud, negligent infliction of emotional distress, violation of the covenants of good faith and fair dealing, wrongful death and survival.  Finding that a proper ERISA claim had not been pled and that each count or claim pled was preempted by ERISA, the Court held that "ERISA does not contemplate an action such as that brought here." *Id.* at 150.

Additional cases holding that state law causes of action such as those based upon breach of contract are preempted by ERISA include the following: Schneider v. UNUM Life Insurance Co., 149 F. Supp. 2d 169 (E.D. Pa. 2001)(common law contract claims and consumer protection law claims preempted); Osaowski v. Life Insurance Company of North America, 139 F. Supp. 2d 668 (W.D. Pa. 2001)(breach of contract and bad faith claims preempted); Reilly v. Keystone Health Plan East, Inc., 1998 U.S. Dist. LEXIS 11337 (E.D. Pa. July 27, 1998) (Joseph L. McGlynn, J.);  Alberts v. Independence Blue Cross and Pennsylvania Blue Shield, 1996 U.S. Dist. LEXIS 17353 (E.D. Pa.

November 22, 1996) (Clifford Scott Green, J.) ; Hall v. Hartford Life and Accident Insurance Company, 1995 U.S. Dist. LEXIS 2097 (E.D. Pa. February 23,1995) (James McGirr Kelly, J.); Rallis v. Trans World Music Corporation, 1994 U.S. Dist. LEXIS 3514 (E.D. Pa. March 25, 1994) (Ronald L. Buckwalter, J.); Booz v. Unum Life Insurance Company, 1993 U. S. Dist. LEXIS 13143 (E.D. Pa. July 28, 1993) (Clarence C. Newcomer, J.); Gelzinis v. John Hancock Mutual Life Insurance Company, 1993 WL 131566 (E.D. Pa. 1993)

(Hutton, J.); Northwestern Institute of Psychiatry v. Travelers Insurance Company, 1992 WL 331521 (E.D. Pa. 1992) (Yohn, J.).

## V. CONCLUSION

For all the foregoing reasons, and specifically because ERISA preempts Barish's state law claims for breach of contract, Defendant, Security Mutual Life Insurance Company of New York, respectfully requests that this Court grant its Motion to Dismiss. Barish's state law claims for breach of contract are preempted necessitating the dismissal of Plaintiff's Complaint in its entirety.

    Respectfully submitted,

    **WHITE AND WILLIAMS LLP**

By: _____
    Elizabeth A. Venditta, Esquire
    Attorney I.D. Nos. 36000
    1800 One Liberty Place
    Philadelphia, PA 19103-7395
    (215)864-6392

                                          Attorneys for Defendant,
                                          Security Mutual Life Insurance
                                          Company of New York

Dated: July 2, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN BARISH** | : | CIVIL ACTION |
| | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | NO. 02-CV-4244 |
| | : | |
| **SECURITY MUTUAL LIFE INSURANCE** | : | |
| **COMPANY OF NEW YORK** | : | |
| | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

    I, Elizabeth A. Venditta, Esquire, hereby certify that on this 2nd day of July, 2002, I caused a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint of Defendant, Security Mutual Life Insurance Company of New York, Brief in Support of the Motion to Dismiss, Proposed Order and Exhibits to be served upon the following person, by placing same in the United States mail, first-class and postage prepaid:

Allen H. Silverman, Esquire
42 S. 15th Street
1312 Robinson Building
Philadelphia, PA 19102

**WHITE AND WILLIAMS LLP**


By:_____
    Elizabeth A. Venditta, Esquire
    Attorneys for Defendant,
    Security Mutual Life Insurance
    Company of New York

Doc#: 1314671 v1